IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL NO:

BILLY COMBS & SANDY COMBS                                             PLAINTIFFS

VS.                                **COMPLAINT**

RGS FINANCIAL, INC                                                    DEFENDANT
1700 Jay Ell Dr., Suite 200
Richardson, TX 75081

     Serve:  National Corporate Research LTD
              828 Lane Allen Rd., Suite 219
              Lexington, KY 40504

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Come now the Plaintiffs, BILLY COMBS and SANDY COMBS ("Plaintiffs"), by and through undersigned counsel, and for their Complaint against Defendant, RGS FINANCIAL, INC. ("Defendant"), allege and affirmatively state as follows:

## INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## PARTIES

2. Plaintiffs, Billy Combs and Sandy Combs, are citizens and residents of Knott County, Kentucky. The Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant, RGS Financial, Inc, is a corporation, organized under the laws of the State of Texas, with principal office located at 1700 Jay Ell Dr., Suite 200, Richardson, TX 75081. The Defendant's registered agent in the Commonwealth of Kentucky is National Corporate Research, LTD, located at 828 Lane Allen Rd, Suite 219, Lexington, KY 40504. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiffs.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court pursuant to 15 U.S.C. § 1692k(d), which states that actions arising under the FDCPA may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This Court has personal jurisdiction over the Defendant. The Defendant conducts business in the Commonwealth of Kentucky; the Defendant purposefully contacted the Plaintiffs, who reside within the Commonwealth of Kentucky, in an effort to collect a debt allegedly owed by the Plaintiffs; and, the Defendant is registered with the Kentucky Secretary of State to conduct business within the Commonwealth of Kentucky.

6. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as "a substantial part of the events or omissions giving rise to the claim[s]" herein occurred within this District.

## FACTS

7. The Plaintiffs purchased a vehicle in approximately 1988, with financing through Marine Midland Bank.

8. The Plaintiffs' vehicle was subsequently repossessed, in approximately 1989, and there was a deficiency remaining on the account after the vehicle was sold (hereinafter "the debt").

9. Through information and belief, the debt was sold by Marine Midland Bank, and eventually a company named S & P Capital Investments attempted to collect the debt.

10. S & P Capital Investments continued to attempt to collect the debt from the Plaintiffs, eventually obtaining a judgment against the Plaintiffs, and causing a judgment lien to be placed upon real property owned by the Plaintiffs in Knott County, Kentucky.

11. On or about August 14, 2002, the Plaintiffs filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code. The Plaintiffs' case was filed in the United States Bankruptcy Court for the Eastern District of Kentucky, and was assigned case number 02-74038.

12. S & P Capital Investments was listed the Plaintiffs' Schedules and Statements, and received actual notice of the Plaintiffs' bankruptcy.

13. An Order of Discharge was entered on or about December 10, 2002.

14. The Plaintiffs allege that the Order of Discharge included the debt allegedly owed to Marine Midland/S & P Capital Investments.

15. Through information and belief, the debt was subsequently obtained by the Defendant, who had actual notice of the Plaintiffs' bankruptcy case, and the discharge of the debt in bankruptcy.

16. On or about January 26, 2012, the Plaintiffs were contacted by telephone by someone identifying themselves as "Paul," attempting to collect $2,957.00 on the debt originally owed to Marine Midland Bank. "Paul" said that he would be willing to accept a credit card payment for the account over the phone.

17.     Plaintiff Billy Combs spoke with "Paul," and indicated that the debt had been discharged in bankruptcy, and also that it was his belief that the statute of limitations to collect on the debt had long since expired.

18.     "Paul" indicated that he was aware of the Plaintiffs' bankruptcy case, but that there "was a problem" with the case, and that the debt had not actually been discharged.

19.     "Paul" also falsely told Plaintiff Billy Combs that the statute of limitations on the debt had not expired.

20.     Plaintiff Billy Combs was surprised and alarmed that he was being told that the debt had not been discharged.  The debt was the primary reason that the Plaintiffs had declared bankruptcy in 2002, and he was extremely concerned that the collectors were going to try to place a lien on his property, or force him to declare bankruptcy again.

21.     "Paul" subsequently called back on or about February 1, 2012, and again on February 2, 2012. Upon questioning from Plaintiff Billy Combs about what address would need to be used to send correspondence to the collector, "Paul" indicated that he was an employee of RGS Financial, Inc. with an address of 1700 Jay Ell Dr., Suite 200, Richardson TX 75080.

22.     Defendant called Plaintiff from 469-341-3352 and possibly other numbers.

23.     When questioned by Plaintiff Billy Combs regarding the account, "Paul" again indicated that the account had originally belonged to Marine Midland Bank.

24.     At no time within the five-day period following the initial communication with the Plaintiffs, nor any time subsequent to the five-day period, did the Defendant provide the Plaintiffs with the verification letter as required by § 1692g.

## COUNT I
### (Fair Debt Collection Practices Act – 15 § 1692 *et seq.*)

25. The allegations in the above paragraphs of this complaint are realleged and incorporated herein by this reference.

26. The Defendant violated the following provisions of the FDCPA:

   a. Defendant violated 15 U.S.C. §1692d by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse the Plaintiffs in connection with the collection of the debt.

   b. Defendant violated 15 U.S.C. §1692e by using false, deceptive, and misleading representations in connection with the collection of the debt.

   c. Defendant violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount and legal status of the debt.

   d. Defendant violated 15 U.S.C. §1692e(10) by using false representations and deceptive means to collect the debt.

   e. Defendant violated 15 U.S.C. §1692g(a)(1)-(5) by failing to provide the required notice of debt within five days after the initial communication with the Plaintiffs.

**WHEREFORE,** the Plaintiffs, Billy and Sandy Combs, having set forth their claims for relief against the Defendant, respectfully request judgment be entered against the Defendant, RGS Financial, for the following:

   A. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

B.  That the Plaintiffs each have and recover against the Defendant, statutory damages of $1,000.00 for the violations of the Fair Debt Collection Practices Act;

C.  That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

D.  That the Plaintiffs have and recover against the Defendant, costs and reasonable attorneys' fees pursuant to 15 U.S.C. 1692k of the Fair Debt Collection Practices Act;

E.  Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, BILLY and SANDY COMBS, demand a jury trial in this case.

DATED: May 16, 2012.

/s/ Noah R. Friend
Noah R. Friend
Friend & Hunt
Attorneys at Law, PLLC
P.O. Box 610
Pikeville, KY 41502
Phone: 606.369.7030
Fax: 502.716.6158
nrfriend@friendandhunt.com
KY Bar #92209

/s/ Carole M. Friend
Carole M. Friend
Friend & Associates, PSC
PO Box 1448
Georgetown KY 40324
Phone: 502.542.2398
Fax: 502.614.4973
carole_friend@msn.com
KY Bar #23628

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, BILLY COMBS, states the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. §1746(2), I, BILLY COMBS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

5/8/12
DATE

BILLY COMBS

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, SANDY COMBS, states the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. §1746(2), I, SANDY COMBS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

5-18-12
DATE

*Sandy Combs*
SANDY COMBS